IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CRAIG ZANOTTI                                                                                                  PLAINTIFF

v.                                     Civil No.  11-3100

FEDERAL BUREAU OF INVESTIGATION;
CENTRAL INTELLIGENCE AGENCY; and
NATIONAL SECURITY AGENCY                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Craig Zanotti filed this action on October 24, 2011. He proceeds *pro se* and *in forma pauperis*. The case is before me for a determination of whether service of process should issue.

### 1. Background

Upon review of the initial complaint, the Court could not determine the basis of jurisdiction or how Plaintiff believed the named Defendants violated his rights.

For this reason, an order was entered (Doc. 3) directing Plaintiff to file a complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. On November 10, 2011, Plaintiff filed his amended complaint. The complaint and attachments are forty-seven pages long. Among other things, the complaint discusses: incidents that occurred in 1977 while Plaintiff was undergoing training in the Marine Corps; events occurring in 1986 when Plaintiff applied for a job with the Internal Revenue Service; incidents occurring in the Fall of 1988 when Plaintiff changed his major in college; an as yet undiscovered General Motors toxic waste site in Kalamazoo, Michigan; harrassment that allegedly occurred while Plaintiff was attending the University of Michigan in 1988; actions taken by the United States Patent Office in an effort to block free energy and anti-gravity devices; the assertion that lumber prices will spike when "Big Foot" is found; the problems caused by population growth; the need for a definition of inalienable rights;  attempts

made on his life; his persecution as a result of his invention of a microwave oven water heater; the necessity of skyscraper food production; cities existing under the sea made of bullet resistant glass and levitating cities made of transparent aluminum; a robot automated free energy propulsion system rocket that generates its own electromagnetic field; the absorption of government agencies into a "Star Fleet" agency with a galvanized global vision; a 1986 report indicating that 53% of New York City's water was lost due to old leaking pipes; a proposed solution to world hunger by the provision of a $540 EBT card to all people; the disconnection of his cell phone without warning after he spoke of skyscraper green house food production; and the government's concession to allow him to sue over his microwave oven water heater back to 1977 as a result of his Aunt Betty Zanotti's depsoition testimony.

Plaintiff states that his personal grievance is that he wants his FOIA files, and those of his parents, from 1966 forward at no cost to him. Plaintiff states he is appealing for additional files and an outside attorney. While Plaintiff attaches various exhibits, no attachment references an FOIA request, the denial of the same, the basis for the denial of any FOIA request, or the dates of the FOIA requests and denials of the same. In fact, the attached letters address only the Federal Communications Commission's role in systems that may use microwaves to heat water or other substances.

## 2. Discussion

This complaint is subject to dismissal. First, the complaint submitted by Plaintiff fails to comply with Rule 8(a) and the Court's order (Doc. 3). Rule 8(a) requires a complaint to contain: (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief; and (3) a demand for the relief sought.

Plaintiff has not indicated how he believes this Court has jurisdiction over the cause of action or the Defendants. While the materials submitted are verbose and lengthy, he has failed to state how each named Defendant violated statutory or constitutional law.

Second, the complaint only briefly mentions the FOIA and there is no indication of when the documents were sought, when the agencies refused to produce the documents, the basis for the refusal, or even what agencies, although presumably the Defendants, refused to produce the documents.

Third, the factual allegations contained in the complaint are irrational, incomprehensible, and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed with prejudice prior to service of process.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE